UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DISH NETWORK L.L.C.<br>and NAGRASTAR LLC,<br><br>               Plaintiffs,<br><br>v.<br><br>ROBERT REICH, individually and d/b/a Channel Broadcasting Corporation of Belize Ltd., Channel Broadcasting Cable, CBC Cable, and CBC.<br><br>               Defendant. | Civil Case No. _____<br><br>**FILED UNDER SEAL**<br><br>FILED BY _____ D.C.<br>JAN 23 2020<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. - W.P.B. |

**PLAINTIFFS' COMPLAINT**

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar," and collectively with DISH, "Plaintiffs") bring this action against Defendant Robert Reich ("Reich"), individually and d/b/a Channel Broadcasting Corporation of Belize Ltd., Channel Broadcasting Cable, CBC Cable, and CBC (collectively, "Defendant"), and state as follows:

**NATURE OF THE ACTION**

1. DISH is the fourth largest pay-television provider in the United States and delivers programming to millions of subscribers nationwide using its direct broadcast satellite system and security technology provided by NagraStar. Defendant – acting under the CBC business names and logos – owns and operates an illicit television service, where Defendant acquires DISH's satellite broadcasts of television programming in the United States and retransmits that programming without authorization to customers in Belize. Defendant, through an agent, openly acknowledges engaging in piracy, stating on the topic in an interview with a popular Belizean

1

publication: "We've been getting a free ride to some extent."[1] Defendant's actions violate the Federal Communications Act ("FCA"), 47 U.S.C. §§ 605(a) and 605(e)(4).

## PARTIES

2. Plaintiff DISH Network L.L.C. is a Colorado limited liability company with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Plaintiff NagraStar LLC is a Colorado limited liability company with its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

4. Defendant Robert Reich is an individual residing in Riviera Beach, Florida.

5. Defendant is believed to operate his pirate television service under various d/b/a's including Channel Broadcasting Corporation of Belize Ltd., Channel Broadcasting Cable, CBC Cable, and CBC (collectively, "CBC"), in the United States and Belize.[2]

6. Defendant Reich is believed to manage and oversee the day-to-day operations and make the final decisions concerning the business of CBC. Reich is believed to authorize, control, participate in, and receive direct financial benefits from the illegal activities of CBC as alleged herein.

## JURISDICTION & VENUE

7. Plaintiffs assert claims under 47 U.S.C. §§ 605(a) and 605(e)(4). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] *HBO "Bringing Down the Hammer" on Belizean Cable* Consumers, Amandala.com.bz (Feb. 21, 2018), https://amandala.com.bz/news/hbo-bringing-hammer-belizean-cable-consumers/.

[2] *See id.*; Belize Chamber of Commerce & Industry, https://www.belize.org/members/channel-broadcasting-cable/ (last visited Jan. 8, 2020). The *Amandala.com.bz* article and the Belize Chamber of Commerce & Industry website refer to CBC as the Channel Broadcasting Corporation of Belize Ltd. and Channel Broadcasting Cable, respectively. The investigation to date has not revealed any registered entity under any of those names in either the United States or Belize.

8. Defendant Reich resides in, conducts business in, and engages in some of the wrongful conduct at issue in this Complaint in Florida, and therefore is subject to this Court's personal jurisdiction.

9. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district, § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district, and 1391(b)(3) because Defendant is subject to personal jurisdiction in this judicial district.

## DISH'S SATELLITE TELEVISION PROGRAMMING

10. DISH is the fourth largest pay-television provider in the United States and delivers programming to millions of subscribers nationwide via a direct-broadcast satellite system.

11. DISH uses high-powered satellites to broadcast, among other things, movies, sports, and general entertainment services to consumers who have been authorized to receive such services after paying a subscription fee, or in the case of a pay-per-view movie or event, the purchase price.

12. DISH contracts for and purchases rights for the programming that is distributed on its platform from network affiliates, motion picture distributors, pay and specialty broadcasters, cable networks, sports leagues, and other holders of programming rights. The DISH programming includes, but is not limited to, the following channels: 3-ABN, ABC, AHC, Animal Planet, Aztec America, BabyFirst, beIN Sports (ESP), BET, Boomerang, BYU TV, Cartoon Network, CentroAmerica, CINE Sony, CMT, CNBC, CNN, CNN International, Comedy Central, Discovery, Discovery (ESP), Discovery Life, Disney, Disney XD, DIY, E! Entertainment, ESPN, ESPN 2, ESPN Deportes, EWTN, Food Network, Fox News, Fox Sports 1, Freeform, FYI, Galavision, GSN, Hallmark, HDNET Movies, HGTV, History, HLN, HNN, HTV, INSP, Lifetime, Lifetime Movie Channel, Link TV, MLB Network, Motor Trend HD, MSNBC, MTV, MTV 2, MTV TRES,

National Geographic, NBC, NBC Sports Chicago, Nickelodeon, Nick Jr, Nicktoons, OWN, Oxygen, Paramount, POP, Reelz, SONY, SYFY, TBN, TBS, TCM, Telemundo, Tennis, TLC, Travel Channel, TVBE (Chinese), TVE, TVGN, TVLand, Unimas, Universal Kids, Univision, USA, VH1, Weather Channel, Western Channel, and WGN America (collectively, the "DISH Programming").

13. NagraStar provides smart cards and other proprietary security technologies that form a conditional access system used to authorize receipt of DISH's satellite programming.

14. DISH programming is scrambled prior to being transmitted from DISH's uplink facility in the United States to a number of satellites located in geo-synchronous orbit above Earth. The satellites relay the encrypted DISH signal back to Earth where it can be received by authorized DISH subscribers that have the necessary equipment, including a DISH receiver and NagraStar smart card. The receiver and smart card convert DISH's encrypted satellite signal into viewable programming that can be displayed on the attached television of an authorized DISH subscriber.

## DEFENDANTS' WRONGFUL CONDUCT[3]

15. Defendant owns and operates the pirate television service called "CBC's Xview Cable Service." Defendant advertises on www.cbc.bz that for a monthly fee, plus an installation charge, customers can receive access to Defendant's television service. Specifically, Defendant claims on his website: "Whatever you love to watch on TV in primetime, daytime or gametime,

---

[3] Plaintiffs' allegations related to the wrongful conduct of Defendant are based upon the investigation and analysis Plaintiffs' have completed to date, upon information and belief, and with the reasonable belief that further investigation and discovery in this action will lead to additional factual support. Plaintiffs therefore expressly reserve their right to supplement, amend and/or otherwise modify their claims and the basis thereof, as additional investigation and discovery is conducted.

you will find it on CBC's Xview Cable Service." The channels offered on Defendant's pirate television service are comprised of the DISH Programming.





Whatever you love to watch on TV in primetime, daytime or gametime, you will find it on CBC's Xview Cable Service. You will enjoy over 200 channels with HD and SD feeds. But wait there is more. With CBC you get the TV you love and the technology to experience it like never before.

16. Plaintiffs' investigation has linked Defendant to a number of DISH subscriber accounts which he is using to steal the DISH Programming that he retransmits on the CBC service. Many of these accounts have Florida addresses and were managed by IP addresses that resolve to Florida.[4]

17. Defendant has also advertised on CBC's Facebook page that specific channels from the DISH Programming are available on his television service, including Boomerang (channel 8 in the CBC channel guide) and NBC Sports Chicago (channel 75 in the CBC channel guide).

//

//

---

[4] *See* Declaration of Kevin Gedeon [Gedeon Decl.] ¶¶ 17-18, 26-27, 34-37 (attached as an exhibit to Plaintiff's Motion for Temporary Restraining Order).



18. Defendant's CBC pirate television service is, and has been, retransmitting the DISH programming without authorization from DISH. The DISH programming was received from DISH's satellite television service through DISH receivers located in the United States. The DISH Programming was then distributed without authorization to CBC customers for Defendant's benefit and the benefit of CBC customers who were not entitled to receive the DISH Programming. Messages transmitted as part of DISH's satellite television signals were observed on the DISH Programming retransmitted on the CBC pirate television service, confirming that the DISH Programming originated from DISH subscriber accounts and DISH's satellite broadcast.

19. Defendant sells subscriptions to the CBC pirate television service for $60 per month plus a $55 installation fee. To purchase a subscription, customers can contact CBC through a variety of means according to CBC's website, including telephone, email, Facebook, and WhatsApp VOIP service. Once the proper equipment is installed, device codes are provided, and

the service is activated, customers are able to view the DISH Programming using the CBC pirate television service.

20. Defendant's customer base of more than 5,000 subscribers includes individuals and businesses in Belize.[5] Among the subscribers are hotels in Belize City, Belize, such as the Best Western Plus Belize Biltmore Plaza and the Radisson Fort George Hotel and Marina. During Plaintiffs' investigation, DISH error messages were observed on television sets in these hotels when tuned to the DISH Programming being retransmitted on Defendant's service.

21. Defendant directly engages in, aids and abets, or acts within the scope of a principal-agent relationship with other persons that are receiving and retransmitting the DISH Programming on the CBC pirate television service in the United States and Belize.

22. Defendant's wrongful conduct has caused irreparable harm to Plaintiffs for which there is no adequate remedy at law. Defendant's acts, and the acts of his employees or agents, have resulted in providing an unknown number of CBC customers with access to the DISH Programming, resulting in an unknown amount of revenues being diverted from Plaintiffs and an unknown amount of profits being received by Defendant. In addition to lost revenue and Defendant's profits, Defendant's actions cause harm to Plaintiffs in the form of loss of reputation and goodwill.

## CLAIMS FOR RELIEF

**(Count I – Violation of the Federal Communications Act, 47 U.S.C. § 605(a) – On Behalf of DISH)**

23. DISH repeats and realleges the allegations in paragraphs 1-22.

---

[5] See Gedeon Decl. ¶¶ 21, 23, Exs. 9, 11.

24. Defendant or persons acting in concert or participation with Defendant received DISH's transmissions of the DISH Programming and retransmitted the DISH Programming on the CBC pirate television service, without having authorization from DISH and for their own benefit and their subscribers, in violation of 47 U.S.C. § 605(a).

25. Defendant's sale and distribution of the equipment and device codes necessary for accessing the CBC pirate television service assists end users to receive the DISH Programming or the content therein, without having authorization from DISH and for the benefit of CBC end users, in violation of 47 U.S.C. § 605(a).

26. Defendant has been violating 47 U.S.C. § 605(a) willfully and for purposes of commercial advantage and private financial gain. Defendant knew or should have known his actions are illegal and prohibited.

27. Defendant's violations cause damage to DISH in an amount to be proven at trial. Unless enjoined by the Court, Defendant will continue to violate 47 U.S.C. § 605(a).

**(Count II – Violation of the Federal Communications Act, 47 U.S.C. § 605(e)(4) – On Behalf of All Plaintiffs)**

28. Plaintiffs repeat and reallege the allegations in paragraphs 1-22.

29. Defendant or persons acting in concert or participation with Defendant sell and distribute the equipment and device codes necessary for accessing the CBC pirate television service, in violation of 47 U.S.C. § 605(e)(4). The equipment and device codes are knowingly provided for purposes of enabling CBC customers' access to the servers that are used to distribute the television programming on the CBC pirate television service, including the DISH Programming. Defendant's customers are unable to receive the DISH Programming on the CBC television service unless they purchase the necessary equipment and a subscription from Defendant. Accordingly, Defendant is

engaged in the sale and distribution of equipment and device codes with knowledge, or reason to know, that these devices are intended to be used in receiving the DISH Programming or its content, without having authorization from DISH and for the benefit of Defendant and CBC end users, which is activity that violates 47 U.S.C. § 605(a).

30. Defendant violated 47 U.S.C. § 605(e)(4) willfully and for purposes of commercial advantage and private financial gain. Defendant knew or should have known his actions are illegal and prohibited.

31. Defendant's violations cause damage to Plaintiffs in an amount to be proven at trial. Unless enjoined by the Court, Defendant will continue to violate 47 U.S.C. § 605(e)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. For permanent injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i) restraining and enjoining Defendant, and any agent, servant, employee, attorney, or other person acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

1. receiving or assisting others in receiving DISH's satellite transmissions or the television programming contained therein without authorization, including transmitting DISH television programming or its content over the Internet or by other means, or distributing DISH television programming or its content to persons not authorized by DISH to receive or view that programming or channel; and

2. manufacturing, assembling, modifying, importing, exporting, selling, or distributing devices, subscriptions, applications, or device codes related to the CBC pirate television service, or any other device or equipment that is intended for receiving or assisting in

receiving DISH's satellite transmissions or the television programming contained therein without authorization;

B.   For an order authorizing Plaintiffs to take possession of and destroy all CBC devices, subscriptions, applications, and device codes, as well as all streaming devices, technologies, tools, software, products, components, or parts thereof in the custody or control of Defendant that the Court has reasonable cause to believe were involved in Defendant's violations of the FCA, pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

C.   For an order requiring removal of Defendant's advertisements and social media pages concerning CBC, and an order requiring transfer of Defendant's websites concerning CBC to Plaintiffs;

D.   For an order directing Defendant to preserve and turn over to Plaintiffs all hard copy and electronic records concerning CBC devices, subscriptions, applications, device codes, or any similar product or service, including manufacturers, exporters, importers, dealers, or purchasers of such products or services, or any persons involved in receiving DISH's satellite transmissions or the programming contained therein without authorization;

E.   Award DISH the greater of its actual damages together with any profits made by Defendant that are attributable to the violations alleged herein, or statutory damages in the amount of up to $10,000 for each violation of 47 U.S.C. § 605(a), under 47 U.S.C. § 605(e)(3)(C)(i), and to increase the amount by $100,000 for each violation, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

F.   Award Plaintiffs the greater of their actual damages together with any profits made by Defendant that are attributable to the violations alleged herein, or statutory damages in the

amount of up to $100,000 for each violation of 47 U.S.C. § 605(e)(4), under 47 U.S.C. § 605(e)(3)(C)(i);

    G.    Award Plaintiffs their costs, attorney's fees, and investigative expenses under 47 U.S.C. § 605(e)(3)(B)(iii);

    H.    For a full and accurate accounting of all profits and other benefits received by Defendant as a result of the wrongful conduct described herein;

    I.    For pre and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law; and

    J.    For such additional relief as the Court deems just and equitable.

Dated:  January 21, 2020.

        Respectfully submitted,

        /s/ James A. Boatman Jr.
        James A. Boatman, Jr.
        Florida Bar No. 0130184
        **THE BOATMAN LAW FIRM, P.A.**
        3021 Airport-Pulling Road North, Suite 202
        Naples, Florida 34105
        Telephone:  (239) 330-1494
        Email:  courtfilings@boatman-law.com

        Chad M. Hagan (*pro hac vice* to be filed)
        Jeffrey L. Befort (*pro hac vice* to be filed)
        David M. Korn (*pro hac vice* to be filed)
        **HAGAN NOLL & BOYLE LLC**
        Two Memorial City Plaza
        820 Gessner, Suite 940
        Houston, Texas 77024
        Telephone:  (713) 343-0478
        Email: chad.hagan@hnbllc.com
        Email: jbefort@hnbllc.com
        Email: david.korn@hnbllc.com

        Attorneys for Plaintiffs DISH Network L.L.C. and NagraStar LLC