UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80088-SMITH

DISH NETWORK L.L.C. and
NAGRASTAR LLC

        Plaintiffs,

vs.

ROBERT REICH, individually and d/b/a
Channel Broadcasting Corporation of Belize
Ltd., Channel Broadcasting Cable, CBC Cable,
And CBC,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO QUASH AND DISMISS FOR
IMPROPER AND INSUFFICIENT SERVICE OF PROCESS**

    This matter is before the Court on Defendant's Motion to Quash and Dismiss for Improper and Insufficient Service of Process (DE 22), Plaintiff's Response (DE 29) and Defendant's Reply in Support of its Motion to Quash and Dismiss for Improper and Insufficient Service of Process (DE 30). Defendant seeks dismissal of the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5), asserting that service of process is improper and insufficient pursuant to Federal Rule of Civil Procedure 4(f) and the Hague Convention on the Service Aboard of Judicial and Extrajudicial Documents (the "Hague Convention"). For the reasons set forth below, the Motion is denied.

    **I.    BACKGROUND**

    On January 23, 2020, Plaintiffs, Dish Network, L.L.C. and Nagrastar LLC (collectively "Plaintiffs") filed a two-count complaint alleging: (i) violation of the Federal Communication Act

under 47 U.S.C. § 605(a) on behalf of Dish Network L.L.C; and (ii) violation of the Federal Communication Act under 47 U.S.C. § 605(e)(4) on behalf of all Plaintiffs. (DE 1.) The Complaint alleges that Defendant Robert Reich ("Defendant"), acting under different business names and logos, owns and operates an illicit television service while acquiring Plaintiffs' satellite broadcasts of television programming in the United States and retransmitting such programming without authorization to customers in Belize. Concurrent with the filing of the Complaint, Plaintiffs filed an *Ex Parte* Motion for Temporary Restraining Order, Motion for Preservation Order and Asset Freeze. (DE 4.) The Court granted Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order, Preservation Order and Asset Freeze, immediately enjoining Defendant from engaging in the alleged wrongful acts. (DE 10.) Plaintiffs were also ordered to serve a copy of the *Ex Parte* Motion for Temporary Restraining Order, Plaintiffs' Complaint, Preservation Order, and Asset Freeze, Order Granting *Ex Parte* Motion for Temporary Restraining Order and all supporting documents on Defendant in a manner consistent with Federal Rule of Civil Procedure 4. (DE 10 at 5.) A telephonic hearing for a preliminary injunction was set for April 22, 2020 at 1:00 P.M. *Id.* at 5.

On April 20, 2020, Plaintiffs filed a Motion for Extension of Time to Effectuate Service and Continue Hearing scheduled for April 22, 2020. (DE 13.) In its Order granting the Motion for Extension of Time, the Court continued the preliminary injunction hearing until May 8, 2020 and ordered Defendant to file any responsive pleadings before May 1, 2020.[1] (DE 14.) On April 28, 2020, Plaintiff filed an Affidavit of Service on Robert Reich/Channel Broadcasting Cable in Belize. (DE 17.) Pursuant to the affidavit sworn to by John Wiltshire, a registered process servicer with the Supreme Court of Belize, Robert Reich was personally served at his place of residence

---

[1] The telephonic hearing set for May 8, 2020, is continued until May 27, 2020 at 1:00 P.M.

on April 24, 2020, at 10:00 A.M.  (DE 17.)

Defendant never filed a response to Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order.  Instead, Defendant first appeared in this matter on May 1, 2020, filing the Motion now before the Court.  (DE 22.)  Because of the May 8, 2020 hearing, the Court entered a paperless order, requiring Plaintiffs to file their Response no later than May 6, 2020 at 5:00 P.M. (DE 25.) Plaintiffs timely filed their Response. (DE 29.) On May 7, 2020, Defendant filed its Reply in support of his Motion. (DE 30).

## II.   LEGAL STANDARD

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv.*, 553 F.3d 1351, 1360 (11th Cir. 2008).  On a motion to dismiss for improper and insufficient process of service, "[a] defendant must show invalidity of service by clear and convincing proof before being entitled to an order granting a motion to quash." *Kammona v. Onteco Corp.*, 587 Fed. App'x. 575, 578 (11th Cir. 2014).  When a defendant challenges service of process, the burden is on the plaintiff to establish its validity. *Reeves v. Wilbanks*, 542 F. App'x. 742, 746 (11th Cir. 2013). "Any conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff."  *Kammona*, 587 Fed. App'x. at 578 (citing *Madara v. Hall*, 916 F. 2d 1510, 1514 (11th Cir. 1990)).

Federal Rule of Civil Procedure 4 governs service of process.  Under the Federal Rules of Civil Procedure, a plaintiff must serve the summons and the complaint to each defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c).  Federal Rule of Civil Procedure 4(f) provides three methods for serving an individual in a foreign country: (1) by internationally agreed means, such as those authorized by the Hague Convention on Service of Process; (2) by a

3

method that is reasonably calculated to give notice; or (3) by other means committed to a court's discretion that are not prohibited by international agreement.

Both parties concede that Belize is a non-party member of the Hague Convention. Thus, the Hague Convention applies.

### III.    DISCUSSION

The Eleventh Circuit has held that where a defendant challenges service of process, the burden is on the plaintiff to establish its validity. *Reeves*, 542 F. App'x. at 476. Plaintiffs argue that service on Defendant was valid under Federal Rule of Civil Procedure 4(f) and the Hague Convention. Plaintiffs assert that Defendant was personally served by a process server at Defendant's residential address. The initial affidavit submitted by John Wiltshire states that "[o]n April 24, 2020, at 10:00 a.m., Belize local time, I served Robert Reich at his place of residence." (DE 17.) This testimony is again confirmed in the Plaintiffs' Response through a subsequent declaration, in which Mr. Wiltshire confirms his earlier testimony. (DE 29-2.)

Defendant argues that the Court lacks personal jurisdiction over him and asserts the Affidavit of Service on Robert Reich/Channel Broadcasting Cable in Belize (DE 17) filed by Plaintiffs is incorrect. Defendant contends that he was not served personally at his home but service was effectuated on his wife, and thus does not comply with the requirements of Federal Rule of Civil Procedure 4. (DE 22 at 5.) In support of this position, Defendant attaches two different declarations to his Motion. The first declaration is executed by Defendant's wife, Carol Reich, in which she states that "[o]n April 24, 2020, a male person arrived at our family home at approximately 10:30 am requesting to see my husband, Robert Reich. He informed me that he (*sic*) some documents for him to sign. I informed him that my husband was asleep and therefore unable to sign." (DE 22-1.) Carol Reich also states that "[t]he male person left the premises but

4

within 30 minutes returned. After a brief dialogue, he handed me two binders that appeared to contain papers and left." *Id.* The second declaration is executed by Robert Reich, confirming the testimony provided by his wife. (DE 22-2.)

Because the parties' respective supporting affidavits conflict as to the time of service and as to who Mr. Wiltshire served with the documents, such conflict must be resolved in Plaintiff's favor. *See Kammona*, 587 Fed. App'x. at 578. Defendant has failed to show invalidity of service by clear and convincing proof. As such, the Motion must be denied.

Accordingly, it is

**ORDERED** that Defendant's Motion to Quash and to Dismiss for Improper and Insufficient Service of Process (DE 22) is **DENIED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 8th day of May 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record